## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 16-cv-62840-BLOOM/Valle

MAXINE PIERSON**,**

      Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,

      Defendant.

_____/

### ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant Ocwen Loan Servicing, LLC's ("Defendant") Motion to Dismiss, ECF No. [7] (the "Motion"), seeking dismissal of Plaintiff Maxine Pierson's ("Plaintiff") Complaint, ECF No. [1-2]. The Court has carefully reviewed the record, the parties' briefs, and the applicable law. For the reasons set forth below, the Motion is granted.

## I.    BACKGROUND

Plaintiffs initially filed this action on October 18, 2016 in the Seventeenth Judicial Circuit, in and for Broward County, Florida, seeking relief for Defendant's alleged violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et. seq.* ("RESPA"), and its implementing regulation 12 C.F.R. § 1024, *et. seq.* ("Regulation X"). *See* ECF No. [1-2] at ¶¶ 1-2. Specifically, Plaintiff seeks damages as a result of Defendant's alleged failure to comply with § 2605(k) of RESPA and § 1024.36 of Regulation X. *Id.* at ¶ 3. Defendant timely removed the matter to this Court, and now moves to dismiss the Complaint with prejudice.

Plaintiff's claim stems from Plaintiff's mailing of a written request for information ("RFI") to Defendant pursuant to Regulation X.  *Id*. at ¶ 15; *see also id.* at Exh. A.  Plaintiff sent her RFI by Certified Mail on September 22, 2016, which Plaintiff and her counsel tracked through a certified tracking number.  *Id.* at Exh. A.  The RFI was delivered to Defendant on September 26, 2016.  *See* ECF No. [7] at 3; ECF No. [8] at 2.  Plaintiff's attorney did not receive a written acknowledgment to the Plaintiff's RFI within the required statutory timeframe and, consequently, sent a follow-up Notice of Error Letter ("NOE") to Defendant on October 3, 2016.  ECF No. [1-2] at ¶ 15; *see also id.* at Exh. B.

Plaintiff brings one count against Defendant for Defendants' alleged violation of 12 U.S.C § 2605(k), under which Plaintiff alleges that Defendant violated RESPA § 2605(k) through violation of Regulation X, 12 C.F.R. §1024.36(c), by failing to acknowledge receipt of the RFI within five days.  *See* ECF No. [1-2] at ¶¶ 22-23.  As to damages, Plaintiff claims that as "a direct and proximate result of Defendant's failure to comply with Regulation X and RESPA," Plaintiff has incurred actual damages in the amount of $6.45 for postage for mailing the NOE along with other related costs."  *Id.* at ¶¶ 24-25.  Defendant filed the instant Motion to Dismiss on December 08, 2016.  Plaintiffs Response and Defendant's Reply timely followed.  *See* ECF Nos. [7], [16].

## II.   LEGAL STANDARD

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); see *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relieve above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which request dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible interferences derived from those facts in favor of the Plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F. 3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suffers lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Signa Corp.*, 605 F. ed 1283, 1290 ( 11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682). A court considering a Rule 12(b) motion is generally limited to the facts continued in the complaint and attached exhibits, including documents referred to in the complaint that re central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 55 F.3d 1337, 1340 (11th Circuit. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the

plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

## III. DISCUSSION

Defendant moves the Court to dismiss the Complaint on two separate grounds: (1) Plaintiff cannot adequately plead the very premise of her claim—i.e., that Defendant did not provide written receipt of the RFI within the permitted timeframe—because Defendant did in fact timely respond to Plaintiff's RFI with a letter of acknowledgment that was sent to Plaintiff's address, *see* ECF No. [7-1] ("Acknowledgment Letter"); and (2) Defendant cured any alleged failure to acknowledge the RFI in accordance with the pre-suit notice-and-cure requirement provided in the underlying mortgage.

Plaintiff claims that Defendant violated RESPA § 2605(k) through its violation of Regulation X. *See* ECF No. [1-2] at ¶¶ 22-23.[1] Section 2605 of RESPA governs the "serving of mortgage loans and administration of escrow accounts," and implicates Regulation X by providing in relevant part that "[a] servicer of a federally related mortgage shall not . . . fail to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter." *See* 12 U.S.C. § 2605(k)(1)(E). Section 1024.36(c) of Regulation X, under the title "Acknowledgement of receipt," provides that

> Within five days (excluding legal public holidays, Saturdays, and Sundays) of a servicer receiving an information request from a borrower, the servicer shall provide to the borrower a written response acknowledging receipt of the information request.

---

[1] Both parties urge the Court to review the RFI and NOE attached to the Complaint, as well as the Acknowledgment Letter attached to the Motion, all of which the Court finds central to Plaintiff's claim. Accordingly, the court will review the attachments as appropriate in adjudicating the motion. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009).

Defendant argues that Plaintiff's claim must fail because Defendant indeed responded timely and adequately to Plaintiff's RFI. According to Defendant, after receiving Plaintiff's RFI on September 26, 2016, Defendant sent a timely Acknowledgement Letter to Plaintiff's mailing address three days later, on September 29, 2016. That letter, dated September 29, 2016, is attached to Defendant's Motion. *See* ECF No. [7-1]. In response, Plaintiff neither concedes nor refutes that the Acknowledgment Letter was sent by Defendant or that the Acknowledgment Letter was sent on the date indicated. *See* ECF No. [8] at 5. Instead, Plaintiff directs the Court's attention to what she characterizes as "proof issues" related to the Acknowledgment Letter: "The letter attached . . . contains no proof of mailing, nor does the letter itself provide any frame of reference for the 'correspondence on the above referenced loan' to which it refers." *Id.* (quoting ECF No. [7-1]). Plaintiff seems to imply that consideration of the Acknowledgment Letter requires conversion of Defendant's Motion into a motion for summary judgment, contending that Defendant "cannot rely on mere fiat to prove that this letter was generated in response to the [RFI], that it was mailed directly to the Plaintiff and that this mailing occurred on the date set forth in the letter."[2] *Id.*

"Generally, the district court must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint. Fed. R. Civ. P. 12(b). A court may, however, consider documents attached to a motion to dismiss without converting the motion into one for summary judgment if the documents are (1) central to the plaintiff's claim and (2) undisputed." *Weiss v. 2100 Condo. Ass'n, Inc. @ Sloan's Curve*, 2012 WL 8751122, at *1 (S.D. Fla. Oct. 17, 2012) (citing *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005)). Here, the Acknowledgment Letter is undoubtedly central to Plaintiff's claim. Furthermore, the Court finds

---

[2] Plaintiff nonetheless clarifies that she "is not making any accusations against the Defendant with respect to the specific date of mailing . . . ." *Id.* at 5 n.2.

there to be no dispute with respect to the Acknowledgment Letter, notwithstanding the "proof issues" raised by Plaintiff.   To begin with, Plaintiff in no way challenges the authenticity of the Acknowledgment Letter and, importantly, makes no allegation that she never received the Acknowledgment Letter at her address within the permitted timeframe.[3]   *See Day*, 400 F.3d at 1276 ("In this context, 'undisputed' means that the authenticity of the document is not challenged."); *see also Sutton v. Ocwen Loan Servicing, LLC*, 2016 WL 4417688, at *2 n.3 (S.D. Fla. Aug. 19, 2016) ("The Acknowledgment Letter is undisputed because Plaintiffs do not challenge its authenticity . . . .").   Moreover, Plaintiff is simply incorrect to assert that the Acknowledgment Letter does not "provide any frame of reference" to the underlying mortgage it purports to refer to. The Acknowledgment Letter is addressed specifically to Plaintiff at Plaintiff's address, lists the same property address that is associated with the mortgage, and is dated only three days after the date on which Defendant received Plaintiff's RFI.   *See* ECF No. [7-1], [7-2] at 3.   The Court therefore finds that the Acknowledgment Letter, properly considered

---

[3] To the contrary, much of Plaintiff's Response to the Motion takes issue with the fact that the Acknowledgment Letter was not sent to Plaintiff's *counsel* at the address designated on the RFI. *See, e.g.*, ECF No. [8] at 3 (acknowledging that "Defendant did acknowledge receipt of the NOE and direct[ed] future correspondence to the Plaintiff's designated address or such correspondence" but also stating that "at no time . . . was *undersigned counsel's office* ever provided with a copy of the alleged September 29, 2016 acknowledgment letter") (emphasis added).   On that point, the Court rejects Plaintiff's argument that, in any event, Defendant violated 12 C.F.R. § 1024.36(c) by sending the Acknowledgment Letter directly to Plaintiff rather than Plaintiff's counsel. *See id.* at 6-7.   This Court rejected that very argument in *Sutton v. Ocwen Loan Servicing, LLC*, 2016 WL 4417688, at *3 (S.D. Fla. Aug. 19, 2016), a case in which an acknowledgment letter was sent directly to the plaintiff despite a request in the plaintiff's RFI that all correspondence be directed to her attorney.  This Court explained:

> [T]he Court declines to read into the statute a requirement that an acknowledgment need be sent to a borrower's attorney in order to satisfy the statutory requirements. Indeed under the plain meaning of 12 C.F.R. § 1024.36(c), the statue does not contain a requirement with respect to where an acknowledgment should be sent.

*Id.*   The Court notes that Plaintiff did not address this case or the proposition it stands for despite being raised in Defendant's Motion.

within the context of Defendant's Motion to Dismiss, conclusively shows that Plaintiff's claim must fail.  Given that leave to amend would be futile, the Complaint is dismissed with prejudice.

Although Defendant's first basis for dismissal is dispositive, the Court also finds that Plaintiff's Complaint is subject to dismissal on Defendant's second basis—namely, that Defendant cured any alleged failure to acknowledge the RFI in accordance with the pre-suit notice-and-cure requirement provided in the mortgage.  Plaintiff does not dispute that once she notified Defendant of its purported failure to acknowledge her RFI by way of the NOE sent on October 3, 2016, Defendant sent a letter acknowledging receipt of the NOE on October 13, 2016, five days before Plaintiff subsequently filed suit.  *See* ECF Nos. [7-3]; ECF No. [8] at 3.  Under paragraph 20 of the mortgage, Plaintiff is required to provide notice and a reasonable period of time to take corrective action prior to filing suit.  ECF No. [7-2] at 13.  Contrary to the position taken in Plaintiff's Response, *see* ECF No. [8] at 8-9, the notice and cure provision of the underlying mortgage is applicable to claims against Defendant as servicer of the loan despite Defendant not being a party to the underlying contract.  *See Hill v. Nationstar Mortg. LLC*, 2015 WL 4478061, at *2-3 (S.D. Fla. July 2, 2015) (dismissing all of the plaintiffs' claims against the mortgage loan servicer for the plaintiffs' failure to comply with the notice and cure provision); *Charles v. Deutsche Bank Nat'l Trust Co.*, 2016 WL 950968, at *3-4 (S.D. Fla. Mar. 14, 2016) (rejecting plaintiff's contention that the loan servicer, "as a non-party to the mortgage, cannot enforce the mortgage's pre-suit notice and cure provision" and further noting that "[o]ther courts, moreover, have permitted servicers to enforce other mortgage provisions").

Case No. 16-cv-62840-BLOOM/Valle

## IV.   Conclusion

For the reasons stated above, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss, **ECF No. [7]**, is **GRANTED.**  As any amendment would be futile due to the legal determinations made herein, The Complaint is **DISMISSED WITH PREJUDICE.**  The Clerk is instructed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 15th day of February, 2017.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

8